IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>DEVON LEIGH MILLER,<br><br>　　　Defendant. | No. 1:18-cr-00023-RGE-HCA<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE** |

On review of the United States of America's Motion for Preliminary Order of Forfeiture, ECF No. 46, IT IS ORDERED THAT:

1. The Court's authority in this matter is founded upon 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.

2. Based on Defendant Devon Leigh Miller's guilty plea and consent to forfeiture, the following property was involved in the commission of the offense and is subject to forfeiture: a Kimber 1911, .45 caliber semi-automatic handgun (SN: K300963).

3. Upon the entry of this Order, the United States is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the

extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.  Any person, other than Miller, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject property, and for an amendment of the order of forfeiture under 2 U.S.C. § 853(n)(2).

7.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Preliminary Order of Forfeiture shall become final as to Miller at the time of sentencing or at any time before sentencing if Miller consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth:

    a. the nature and extent of the petitioner's right, title, or interest in the subject property;

    b. the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property;

    c. any additional facts supporting the petitioner's claim; and

    d. the relief sought.

9.  After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated this 26th day of December, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE