**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal No.   1:18CR0023-001 |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **DEFENDANT'S SENTENCING** |
| ) | **MEMORANDUM** |
| ) | |
| **DEVON LEIGH MILLER,** ) | |
| ) | |
| **Defendant.** | |

The defendant, Devon Miller, through counsel, hereby submits the following Sentencing Memorandum for the sentencing scheduled for February 27, 2109.

### I.   Witnesses

The defendant does not anticipate calling any witnesses at the sentencing hearing.

### II.   Exhibits

Defendant may offer letters of support or an allocution letter.

### III.   Issues

a) Whether to apply acceptance of responsibility. (This issue will be addressed at sentencing.)

b) To determine a sentence sufficient but not greater than necessary to meet the sentencing goals of 18 USC § 3553(a)

1

**History and Characteristics of the defendant:** Devon Miller is a very troubled young lady. One that puts on a happy face, appears upbeat and always positive. PSIR ¶ 56. Her demeanor covers up a long and troubled history of abuse and addiction. She did not know her father until she was 10 years old. It was when she met him that she had her first encounter with methamphetamine. *Id.* at 50. She was raised by her mother and later, her step father, Jeff Miller. Both her mother and Jeff abused alcohol and were emotionally and verbally abusive to defendant. *Id.* at 51. From age 12 to 16 she was sexually abused on almost a nightly basis by her older step brother. When she tried to report it, she was not believed. *Id. at 52.*

As a young girl she would do anything to get out of the house. She was involved in sports, girl scouts, church youth group, anything to get away from home. *Id.* at 54. Like many abused girls, at age 16, when she had a chance, she escaped from her family home and moved in with a man twice her age, Chad Miller. He was also her boss and, she was pregnant. *Id.* at 53. If she had hoped to escape a bad situation, she simply substituted one for another. Chad had a history of alcohol related criminal arrests and assaultive conduct. *Id.* at 65. He was controlling and verbally and physically abusive toward her. *Id.* at 65. She had two children with him, but, like many abusers he controlled her access to the children. They separated, and Chad took the children, only agreeing to return them if she would agree to rekindle the relationship. *Id.* In January 2016, she sought and obtained a restraining order against him due to a domestic assault. *Id.* Chad took the children and filed for divorce and since February, 2017 has kept the children from her. *Id.* at 67.

Devon Miller's substance abuse started fairly young. At age 15 she started drinking in binge patterns. *Id.* at 80. However, within a short time she was pregnant and stopped drinking.

When her marriage finally fell apart and Chad took the children, she started drinking again. She began to drink on a daily basis, sometimes as much as a pint a day. *Id.* at 80. Within the past two years she started severely abusing prescription drugs, including adderal, vyvanxe, Xanax, dilaudid, morphine, and oxycodone. *Id.* at 79. She has been diagnosed with severe substance abuse disorder involving alcohol and opioids. *Id.* at 83.

It is striking that all of this defendant's criminal conduct started in spring of 2017. Prior to that her only charge, which was dismissed, was for a bad check when she was just 19 years old. *Id.* 38. She has obviously been engaged in a cycle of self-destructive behavior. Unfortunately, while out on pretrial release, she was convicted on the count in PSIR ¶ 35(a), possession with intent to distribute cocaine. She plead no contest and received a sentence of 12 to 13 months. ( In Nebraska that is the equivalent of a time served sentence.)

Devon's family confirmed her drug abuse and trouble with the law began with her divorce. *Id.* at 56. Her father, Robert, reports she was diagnosed with bipolar disorder when she was younger and reports that depression runs in the family. *Id.* at 73, 74. While incarcerated in the Douglas County Jail on the charges reflected in PSIR ¶ 35(a), she was diagnosed with post-traumatic stress disorder, adjustment disorder with anxiety and night terrors. *Id.* at 76. Devon wants to follow up with mental health treatment. *Id.*

**Nature and circumstances of the offense.** Devon began selling prescription pills. *Id.* She had a firearm, for which she had a professional permit to carry. *Id.* at 11. She stated she carried a firearm for protection. *Id.*  Given her history of being abused it is not surprising that she would want protection. Unfortunately, she was selling prescription pills while in possession of the firearm.

Given this defendant's lack of prior criminal history, it is unusual that a case like this would be charged in federal court, especially one involving such a relatively small amount of pills. (*The related state case was dismissed with prejudice on speedy trial grounds*) She faces far more severe penalties in federal court than she would have had the case stayed in state court.

**Requested sentence:** The court is well aware of the sentencing factors in 18 USC § 3553(a). The defense respectfully requests a sentence of one day on Count I, and 5 years consecutive on Count II.1  The defense asks the court to consider;

- Defendant's difficult childhood including severe sexual abuse
- Defendant's abusive marriage
- Defendant's history of law abiding behavior prior to her failed marriage and the loss of her children to an abusive husband
- Defendant's significant drug addiction.
- The harshness of the 5 year sentence on the 924(c) count, considering the relatively small quantity of drugs involved.
- Defendant's mental health issues.

## V.    Conclusion

Defendant respectfully requests a sentence of 1 day on Count I and 5 years on Count II consecutive to Count I.

Defendant has no objection to the recommended conditions of supervised release in PSIR ¶¶129 through 133. Counsel reserves further argument until the time of sentencing.

---

1 When imposing a sentence on the predicate count the court is permitted to consider the sentence imposed under § 924(c) to arrive at an appropriate aggregate sentence. *Dean v. United States,* 137 S.Ct. 1170, 1177 (2017)

Defendant request a recommendation to participate in the 500 residential drug treatment program. (Defendant understands she will not be eligible for early release)

>Respectfully submitted,
>
>FEDERAL DEFENDER'S OFFICE
>701 Pierce Street, Suite 400
>Sioux City, Iowa 51101
>Ph (712) 352-0552; alt ph (712) 252-4158
>E-mail: Mike_Smart@fd.org
>Contact E-Mail: Annette_Torgerson@fd.org
>
>By:   /s/ Michael L. Smart
>MICHAEL L. SMART
>ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2019, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

/s/ Annette Torgerson

cc via ECF: AUSA